BOYD v. S. SHOPIRO CO.

(Supreme Court, Appellate Division, Fourth Department. November 15, 1911.)

1. NEGLIGENCE (§ 134*)—CONDITION OF BUILDING—DUTY OF TENANT—SUFFICIENCY OF EVIDENCE.

In an action for injuries sustained from falling glass from a broken window in an apartment of which the defendant was the sublessee, evidence *held* to show no duty to the public or plaintiff, neglected by defendant, in providing a proper window or properly inspecting the one provided, which would support a charge of negligence.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 267–273; Dec. Dig. § 134.*]

2. NEGLIGENCE (§ 134*)—ACTIONS—SUFFICIENCY OF EVIDENCE.

In an action for injuries sustained from falling glass from a broken window, alleged to have been caused by defendant's negligence, evidence *held* to show that the window was broken by reason of an excessively high wind prevailing at the time of the accident.

[Ed. Note.—For other cases, see Negligence, Dec. Dig. § 134.*]

Spring, J., dissenting.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Trial Term, Onondaga County.

Action by Alice Boyd against the S. Shopiro Company. From a judgment for plaintiff, defendant appeals. Reversed, and new trial granted.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

J. R. McGowan, for appellant.
Frank T. Miller, for respondent.

McLENNAN, P. J. The facts, so far as material, are in a very narrow compass. The defendant was a sublessee of the fifth story or flat of a building in the city of Syracuse. The windows of such flat opening onto Salina street in such city were hung upon pivots in the center of such windows at the top and bottom. Such method of hanging windows was in common use, and there is no suggestion that such method was not in all respects safe and of the most approved kind. The window in question was so hung that, when opened, one half of it, about 29 inches, would extend into the room occupied by the defendant, and the other half would extend outward. Upon the day in question, there being a very high wind in the city of Syracuse, blowing at a velocity at the time of the accident of between 40 and 50 miles an hour, the window in question was blown in or out—it makes little difference which. The glass in it was shattered and fell to the street below, striking the plaintiff and causing the injuries for which she complains.

There is absolutely no evidence tending to show that the window or any of its parts were out of repair, and there is nothing to indicate that any inspection made by the defendant would have indicated to him how the accident which occurred could have been prevented. It is suggested that the evidence tends to show that a table was left in such close proximity to the window that when it was blown over it would strike the table, thus shattering the glass and precipitating it to the street below. If that is the basis of plaintiff's recovery, we have no hesitation in holding that any finding of negligence based upon such supposed situation was contrary to and against the weight of the evidence. The evidence which is of force and convincing is to the effect that the table was so far removed from the window that by no possibility could such window strike such table and thus have been broken or shattered.

[1, 2] We think the evidence utterly fails to show any negligence on the part of the defendant which entitles the plaintiff to recover. There is not a scintilla of evidence to indicate that the window was not hung in the most approved fashion, or to indicate that it fell because it was out of repair and thus made dangerous. It fell, as a matter of fact, because of the severe wind which prevailed at the time, and which caused not only this window, but many others in the locality, to fall. It would hardly seem necessary to cite authorities. This is an action for negligence, and it was incumbent upon the plaintiff to point out wherein the defendant had failed to exercise any duty

which it owed to the plaintiff or any other person traveling upon the street at the time. This, as stated, the plaintiff has utterly failed to do.

We fail to discover a scintilla of evidence which would charge the defendant with negligence in respect to the construction of such window or its use, eliminating, as we have said, some evidence given on behalf of the plaintiff to the effect that the defendant left a table in such close proximity to the window that, when it opened, it struck against such table and thus shattered the glass. As we have said if such situation was made the basis of recovery, we think the verdict in that regard was contrary to and against the weight of the evidence. It is apparent that the window in question blew open and the glass was shattered because of an extraordinarily high wind which prevailed in the city of Syracuse at the time, which not only caused the breaking of this window but others in the vicinity, and unroofed buildings and did much damage in the immediate vicinity and elsewhere. We think that under such circumstances the defendant was not liable because one of its windows blew in and the glass therein fell to the street under the circumstances stated.

We conclude that the facts do not establish negligence on the part of the defendant; that it conclusively appears that no duty was imposed upon the defendant which it failed to discharge in the premises. It follows that the judgment and order appealed from should be reversed, and a new trial granted, with costs to appellant to abide event.

Judgment and order reversed, and new trial granted, with costs to appellant to abide event. All concur (ROBSON, J., in result only), except SPRING, J., who dissents.